# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **BYRON CLARK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| **vs.** ) | |
| ) | |
| **UNITED OF OMAHA LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

TO:   R. Willson Jenkins, Esq.
     310 Tombigbee Street
     Florence, AL 35630
     willson@jenkinsandgonce.com

     Missy Homan, Clerk
     Circuit Court of Lauderdale County, Alabama
     200 S. Court Street, # 412
     Florence, AL  35630

**Formerly Lauderdale County, Alabama, Circuit Court Case No. 41-CV-2020-900165.**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant United of Omaha Life Insurance Company ("United of Omaha") gives notice of the removal

of this cause from the Circuit Court of Lauderdale County, Alabama, to this Honorable Court, and as grounds therefore states the following:

1. This lawsuit was originally filed on May 28, 2020, in the Circuit Court of Lauderdale County, Alabama, and assigned case number 41-CV-2020-900165. Plaintiff names United of Omaha as the only defendant.

2. United of Omaha was served with a copy of the summons and complaint on June 5, 2020.

3. This Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint upon United of Omaha. Therefore, this notice of removal has been filed within the time allowed by law under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); FED. R. CIV. P. 6(a),

4. Pursuant to 28 U.S.C. § 1446(d), United of Omaha has electronically served a copy of this Notice on Plaintiff and on the Clerk of the Circuit Court of Lauderdale County, Alabama.

5. The documents attached hereto as Exhibit 1 constitute a copy of the entire Circuit Court file as of July 1, 2020, including a copy of the process, pleadings and orders served upon United of Omaha in this action.

6. This removal is based on federal question jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

## FEDERAL QUESTION JURISDICTION

7. The United States District Court for the Northern District of Alabama, Northwestern Division, has original subject-matter jurisdiction over this case because the claims in the Complaint are founded on the existence of a federal question pursuant to 28 U.S.C. § 1331, and this case is therefore removable under 28 U.S.C. § 1441.

8. The allegations of Plaintiff's Complaint expressly aver a claim for "benefits under 29 U.S.C. § 1132(a)(1)(B)." Complaint at ¶ 7. Plaintiff's *ad damnum* clause also seeks "past due long-term disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B)." Complaint at p. 4.

9. Section 1132 is the civil enforcement statute of ERISA. Section 1132(a)(1)(B) allows eligible participants to file a civil action for the alleged failure to pay benefits pursuant to an ERISA-governed plan. Thus, based on the allegations of the Complaint itself, Plaintiff's claims arise out of and relate to an ERISA-governed welfare benefit plan. *See* Complaint at ¶¶ 5-7.

10. More specifically, Plaintiff's claims arise out of the ERISA-governed group long-term disability insurance policy issued by United of Omaha to Plaintiff's former employer, Nelson Brothers, Inc. ("Nelson Brothers"), in which Plaintiff was allegedly a participant. Nelson Brothers established and maintained this long-term disability insurance plan, Group Policy Number GLTD-ALE8 (the

"Policy"), for the benefit of its employees, including Plaintiff. *See* the Complaint at ¶¶ 5-6; Exhibit 2, a true and correct copy of the Policy.[1]

11.   To the extent that any of Plaintiff's claims are founded on state law, those claims are re-characterized as a claim for plan benefits under ERISA due to complete preemption. *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999). The allegations against United of Omaha clearly relate to the ERISA welfare benefit plan and are, therefore, completely preempted under 29 U.S.C. § 1144. *See Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1271 (11th Cir. 2006); *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346 (11th Cir. 1998); *Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063 (11th Cir. 1998); *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024 (11th Cir. 1998).

12.   Because the Policy and Plaintiff's claims are completely preempted and governed by ERISA, the Court has federal question jurisdiction over this case pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331. Removal of this case to this

---

[1] Plaintiff specifically references the Policy in his Complaint. Complaint at ¶¶ 2, 5-6. Thus, the Policy is a dispositive written instrument referred to by Plaintiff in the Complaint but not attached by him thereto. Just as Plaintiff would have the right to incorporate as an exhibit to the Complaint a copy of the Policy, *see* FED. R. CIV. P. 10(c), United of Omaha may introduce the Policy now as an exhibit as a part of this notice of removal. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329, n.7 (11th Cir. 2006); *see also* 5 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 (2d ed. 1990) ("[W]hen the plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.").

Court is proper.  *Chilton v. Savannah Foods & Indus. Inc*., 814 F.2d 620, 623 (11th Cir. 1987).

## SUPPLEMENTAL JURISDICTION

13. To the extent that any particular claim against United of Omaha may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367 because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

Respectfully submitted,

*/s/ John S. Johnson*
JOHN S. JOHNSON
Bar ID ASB-7114-H67J

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone:  (205) 324-4400
E-mail:       jjohnson@handfirm.com


HENRY T. MORRISSETTE
Bar ID ASB-7622-E54H

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama  36601
Telephone:  (251) 432-5511

E-mail: hmorrissette@handfirm.com

                                   Attorneys for Defendant United of Omaha Life Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

R. Willson Jenkins
310 W. Tombigbee Street
Florence, Alabama 35630
willson@jenkinsandgonce.com

                                             */s/ John S. Johnson*